ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG ) | SEVENTH JUDICIAL CIRCUIT |

Toni Caudle,

Plaintiff,

vs.

John Doe, and Gainsco, Inc., d/b/a Gainsco Auto Insurance Agency, Inc., and d/b/a Gainsco Auto Insurance Co., and Charles Humphrey,

Defendants.

**SUMMONS**

**17 - CP - 42 - ______**

TO: THE DEFENDANTS:

THIS SUMMONS requires you to answer the attached Complaint and to serve a copy of your Answer on Plaintiff's attorneys at their office, 100 Clair Drive, Piedmont, South Carolina 29673 within THIRTY (30) DAYS after service of this Summons, excluding the date of service, and if you fail to answer the Complaint within this time, judgment by default will be rendered against you for relief demanded in the Complaint.

McCRAVY NEWLON & STURKIE
LAW FIRM, P.A.

BY: s/Jon E. Newlon
Jon E. Newlon
State Bar #15617

Attorney for the Plaintiff
1629 ByPass 72 NE
Greenwood, S.C. 29649
864/388-9100, 9108 (FAX)

Greenwood, South Carolina
January 19, 2017

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

COUNTY OF SPARTANBURG ) SEVENTH JUDICIAL CIRCUIT

Toni Caudle,

Plaintiff,

vs.

John Doe, and Gainsco, Inc., d/b/a Gainsco Auto Insurance Agency, Inc., and d/b/a Gainsco Auto Insurance Co., and Charles Humphrey,

Defendants.

**COMPLAINT**

17 - CP - 42 - ______

Plaintiff, complaining of Defendants, would respectfully allege and show the Court:

1. All claims against each Defendant arise out of the same transaction or occurrence and are so related that joinder of these claims are appropriate.

2. Plaintiff is a citizen and resident of Spartanburg County, S.C.

3. Defendant John Doe's name and residence are unknown.

4. Defendant Gainsco, Inc., d/b/a Gainsco Auto Insurance Agency, Inc., and d/b/a Gainsco Auto Insurance Co. (hereinafter "Gainsco"), is a for profit corporation organized and existing under the Texas State law. At all times relevant, Gainsco, through its agents and employees, committed tortious actions against and/or breached contracts of insurance entered into with Plaintiff in South Carolina. Further, Gainsco repeatedly does business in South Carolina, thereby establishing minimum contacts with residents of South Carolina and is subject to the jurisdiction of courts in South Carolina. Further, Gainsco was doing business in Spartanburg County, S.C., and owned contractual property rights in Spartanburg County, S.C., by virtue of Plaintiff's claim.

5. Defendant Humphrey (hereinafter, "Humphrey") is a citizen and resident of South Carolina who refused to disclose his mailing address in South Carolina on

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

December 27, 2016, when in Plaintiff's attorney's presence, and who committed tortious acts in Spartanburg County, S.C., and is subject to the jurisdiction in South Carolina.

FACTS

6. Prior to October 12, 2016, Plaintiff had entered into a contract for automobile insurance with Gainsco in South Carolina. The policy of insurance provided for uninsured benefits for the benefit of Plaintiff.

7. On October 12, 2016, Plaintiff was traveling west in a right through lane on North Pine Street in Spartanburg County, S.C. There was also a far right lane which required motorists to turn right on an on ramp to another highway. Where the far right lane separates from North Pine Street, there is a raised concrete island and signs. Near this area, Plaintiff was attempting to continue straight west when another vehicle suddenly appeared from her right and violently collided with her vehicle. After Plaintiff's vehicle stopped and she turned on her emergency flashers and was attempting to get out of her vehicle, Plaintiff observed a vehicle, dark in color, possibly grey, and an SUV, possibly a Chevy Blazer or a Toyota Forerunner, flee the scene heading west and never return to the scene. As a result of this collision, Plaintiff sustained personal injury and other damages.

8. Plaintiff timely reporting the accident to law enforcement and her insurance agent. Some time later, Gainsco hired Humphrey to investigate. Before Humphrey had conducting a reasonable investigation to determine the truth of the matters, he made defamatory remarks about Plaintiff to a third party. Humphrey published that Plaintiff was a liar, that the accident did not happen as Plaintiff described and that Plaintiff was making fraudulent claim.

9. As a consequence of Humphrey's unreasonable and incomplete investigation of the accident, Gainsco, his employer and principal, refused in bad faith to honor, timely and promptly, Plaintiff's claim for underinsured benefits under her insurance policy.

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

FOR A FIRST CAUSE OF ACTION
[John Doe Negligence Claim]

10.    Plaintiff realleges all previous paragraphs as if fully stated herein and to the

extent they are consistent herewith.

11.    John Doe was negligent, grossly negligent, reckless and willful for:

    a.    Failing to yield right of way;
    b.    Failing to maintain proper lookout;
    c.    Failing to maintain proper control of his vehicle;
    d.    Failing to stop for traffic;
    e.    For fleeing the scene of an accident involving personal injury;
    f.    For violating applicable South Carolina Statutes governing the operation of vehicles on public roads; and
    g.    Failing to use the degree of care a reasonably prudent person would use under the same or similar circumstances.

All of which were the direct and proximate cause of the injuries and damages

suffered by Plaintiff, said acts being in violation of the laws of South Carolina.

12.    The aforesaid collision resulted from physical contact between Plaintiff's

vehicle and the unknown vehicle.

13.    Plaintiff promptly reported the same to law enforcement and insurance

agent.

14.    Plaintiff exercised due care to determine the identity of the other vehicle

and driver, but the driver fled the scene and the identity of driver is not known.

15.    As a result, Plaintiff suffered physical harm and injuries including

emotional stress secondary to the accident, which caused physical pain and suffering,

mental anguish and impairment of health and bodily efficiency, and caused expenditure of

money for medical services.

16.    Based on the above, Plaintiff is informed and believes she is entitled to

judgment for actual damages and punitive damages against John Doe.

FOR A SECOND CAUSE OF ACTION
[Bad Faith]

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

17.    Plaintiff realleges all previous paragraphs as if fully stated herein and to the extent they are consistent herewith.

18.    At all times hereinafter mentioned, Gainsco, thorough its agents, servants and/or employees, sold Plaintiff a automobile insurance policy effective at the time of this subject accident and designated as policy number 45MGEP0053600-04 providing uninsured motorist coverage on Plaintiff's 2003 Honda, VIN 1HGCM56393A135753.

19.    Plaintiff has paid all insurance premiums and kept said policy in force.

20.    Gainsco contractually agreed to cover the loss to Plaintiff's 2003 Honda which suffered substantial damage causing the vehicle to be a total loss.

21.    Humphrey was acting as an agent for Gainsco when he investigated, evaluated and reported Plaintiff's subject claim.

22.    Gainsco has failed and refused to pay underinsured motorist benefits to Plaintiff who has experienced a covered event.

23.    Gainsco has breached its own policy of insurance and are indebted to Plaintiff for her personal injury and property damages, to include all economic and noneconomic losses covered under said policy of insurance.

24.    Plaintiff has also suffered certain consequential damages as a result of Gainsco's refusal to pay her claim for uninsured motorist benefits, e.g., storage fees.

25.    Gainsco has acted in bad faith or in an unreasonable manner and Plaintiff is informed and believes that she is entitled to recover reasonable attorney's fees and costs pursuant to S.C. Code § 38-9-320 (1976).

26.    Based on the above, Plaintiff believes she is entitled to judgment for actual damages, punitive damages, reasonable attorney's fees and costs.

FOR A THIRD CAUSE OF ACTION
[Libel Per Se as to Defendant Humphrey]

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

27. Plaintiff realleges all previous paragraphs as if fully stated herein and to the extent they are consistent herewith.

28. The meaning of Humphrey's defamatory statements was apparent from the language itself and not susceptible to an innocent construction or interpretation.

29. Humphrey's defamatory statements were communicated to a third party with actual or implied malice and without Plaintiff's consent.

30. Humphrey's defamatory statements were false.

31. Humphrey's defamatory statements were communicated to a third party without any absolute or conditional privilege.

32. Humphrey's defamatory statements were made while specifically identifying Plaintiff to the third party.

33. Humphrey's defamatory statements were published without a reasonable effort to determine the truthfulness of his allegation.

34. As a result of Humphrey's defamatory statements, Plaintiff is informed and believes she is entitled to presumed damages which include special damages along with damages for embarrassment, humiliation, and mental suffering as a result of injury to her reputation.

**WHEREFORE**, Plaintiff prays for the following:

a. Regarding Plaintiff's First Cause of Action, judgment negligence along with actual and punitive damages;

b. Regarding Plaintiff's Second Cause of Action, judgment for bad faith refusal to pay automobile insurance benefits along with actual and punitive damages, and reasonable attorney's fees pursuant to S.C. Code § 38-9-320 (1976); and

c. Regarding Plaintiff's Third Cause of Action, judgment for defamation and/or defamation per se, along with presumed damages which include special damages along with damages for embarrassment, humiliation, and mental suffering as a result of injury to her reputation; and

ELECTRONICALLY FILED - 2017 Jan 24 12:46 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4200273

d. For costs of this action, and for such other and further relief as this Court may deem just, equitable and proper.

McCRAVY NEWLON & STURKIE
LAW FIRM, P.A.

BY: s/Jon E. Newlon
Jon E. Newlon
State Bar #15617

Attorney for the Plaintiff
1629 ByPass 72 NE
Greenwood, S.C. 29649
864/388-9100, 9108 (FAX)

Greenwood, South Carolina
January 19, 2017



McCRAVY
NEWLON
STURKIE
LAW FIRM PA

1629 By-Pass 72 NE
Greenwood, SC 29649

CERTIFIED MAIL

7016 1370 0001 9770 8201

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 006.770
0000249404 FEB 07 2017
MAILED FROM ZIP CODE 29649

CORPORATION SERVICE COMPANY
1703 LAUREL STREET
COLUMBIA, S.C. 29201

29201$2660 C024